UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LEANDRO ARELLANO OLIVIER,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-08251-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) In May 2023, Petitioner was admitted to the United States pursuant to a visa valid through November 2023, and Petitioner overstayed that visa. (Doc. No. 7 at 2.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens admitted to the United States pursuant to a visa are subject to discretionary detention under 8 U.S.C. § 1226(a) if they "overstay or violate the terms of their visa[]" or lawful nonimmigrant status. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167

(9th Cir. July 30, 2026) ("Section 1226 refers generally to [noncitizens], without limitation. Because § 1226 is not limited to [noncitizens] deemed applicants for admission, the [noncitizens] subject to § 1226 include other [noncitizens], such as admitted [noncitizens] who overstay or violate the terms of their visas.") (citation modified).

Further, this court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 9.) Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On October 13, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 6.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Oliveira Tinoco*, *Kaur*, and *Zhou*. (*Id.*)

On October 15, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they oppose Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but they do not identify any factual or

legal issues that materially distinguish this case from those decisions. (Doc. No. 7.) Respondents further indicate that they do "not oppose the Court ruling directly on the petition ." (*Id.* at 1.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in the court's order in *Oliveira Tinoco*.[1] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Luis Leandro Arellano Olivier (A- 233-307-349) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in September 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be

---

[1] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The pending motion (Doc. No. 3) is denied as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 16, 2026**

Dena Coggins
United States District Judge